

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PRESERVATION ALLIANCE OF<br>NEW ORLEANS, INC. d/b/a<br>PRESERVATION RESOURCE CENTER | * | CIVIL ACTION |
| VERSUS | * | NO. 05-1337 |
| ANDREW L. GRESSETT,<br>PRESERVATION RESOURCE<br>CENTER, INC., PRC PROPERTY RIGHTS<br>COMMISSION, INC., AND PROPERTY<br>RIGHTS COMMISSION, L.L.C. | *<br>*<br>* | SECTION " "<br><br>MAG. |

\* \* \* \* \* \* \* \*

**COMPLAINT FOR PRELIMINARY AND
PERMANENT INJUNCTIONS,
AND FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Preservation Alliance of New Orleans, Inc. d/b/a Preservation Resource Center (hereinafter, "PRC"), which respectfully represents as follows:

Fee 250.00
✓ Process___
X  Dkid___
___ CtRmDep___
___ Doc. No.___

## THE PARTIES

1.

Plaintiff, PRC , is a non-profit corporation organized and existing under the laws of the state of Louisiana and with its principal place of business in New Orleans, Louisiana.

2.

Defendant, Andrew L. Gressett, is a person of the full age of majority residing in New Orleans, Louisiana.

3.

Defendant, Preservation Resource Center, Inc. is a Louisiana corporation with its principal place of business in New Orleans, Louisiana.

4.

Defendant, PRC Property Rights Commission, Inc. is a Louisiana corporation with its principal place of business in New Orleans, Louisiana.

5.

Defendant, Property Rights Commission, L.L.C. is a Louisiana non-profit limited liability company with its principal place of business in New Orleans, Louisiana.

## JURISDICTION AND VENUE

6.

Jurisdiction of this Court is based upon 28 U.S.C. §§1331, 1337 and 1338, and 15 U.S.C. §1121.

7.

Venue is proper under 28 U.S.C. §§1391(b) and (c).

## FACTS AND ALLEGATIONS

8.

Plaintiff, PRC is the owner of the marks "PRESERVATION RESOURCE CENTER" and "PRC" that have been in use from May 1, 1974, and have been extensively and continually promoted from that date by PRC. PRC is also the owner of the internet domain name "PRCNO.ORG" that is actively used by PRC to market and advertise its services and to receive and send email communications and has been so used since June 22, 1996. PRC has been commonly alternatively known in the community as "PRC" since 1974, such that "PRC" is readily recognized in the community as the mark originating with the Preservation Resource Center.

9.

Plaintiff has provided quality services in the field of real estate under the marks "PRESERVATION RESOURCE CENTER" and "PRC." These services cover many aspects of the real estate industry including, but not limited to, real estate advertising, real estate consultation, real estate preservation, conducting fundraisers dealing with building preservation and renovation, providing information about real estate construction and restoration, and providing financing information concerning building renovations and restorations.

10.

PRC has also offered various products in the real estate industry, including, but not limited to, posters and books covering various topics, such as building preservation and renovation, building housing types, building and neighborhood surveys, architectural ornamentation, and replications of antique furniture.

11.

Plaintiff has also managed and conducted various operations and programs dealing with restoring deteriorated, vacant and/or blighted properties and restoring deteriorated, vacant and/or blighted neighborhoods which include various operations including, but not limited to real estate development programs entitled (among others) "Operation Comeback," "Christmas in October" and "Rebuilding Together."

12.

The use of the marks owned by plaintiff has created goodwill of enormous value as substantial amounts of time, effort, and money have been expended in ensuring that the public associates the marks "PRESERVATION RESOURCE CENTER" and "PRC," and the internet domain name "PRCNO.ORG" exclusively with the plaintiff. Literally millions of dollars and hundreds of thousand of volunteer hours have been utilized to promote the marks owned by PRC, over its history of more than 30 years.

13.

Due to the time, money, and effort invested, plaintiff has achieved a reputation for providing quality services in the real estate field, including, but not limited to, assisting individuals

with real estate financing issues, real estate advertising, real estate consultation, and real estate preservation/construction and restoration services, and plaintiff enjoys the demand for and use of such services, as well as the tremendous goodwill in its mark.

14.

As more fully set forth below, defendants have injured and diluted the marks and internet domain name owned by plaintiff and have committed acts of unfair trade practice and unfair competition by improperly offering services similar to, and/or identical to, the services offered by PRC by utilizing plaintiff's marks, thereby misappropriating plaintiff's marks and internet domain name and the goodwill associated therewith, and diluting the acquired distinctiveness of the "PRESERVATION RESOURCE CENTER" name and the "PRC" name and the "PRCNO.ORG" internet domain name, all of which are proprietary to PRC as set forth herein. Defendants are continuing to do so, all to the commercial gain, personal profit and unjust enrichment of the defendants and the irreparable injury and financial loss to and the detriment of the plaintiff, PRC.

## COUNT I -- UNFAIR TRADE PRACTICES, UNFAIR COMPETITION AND MISAPPROPRIATION

15.

Plaintiff repeats and realleges the allegations of Paragraphs 1 through 14 above.

16.

Plaintiff's claims in this count arise under the Lanham Act of July 5, 1946, 15 U.S.C. §§1051-1127, particularly 15 U.S.C. §1125, and otherwise.

17.

Commencing as early as January 2005, defendants have been advertising, marketing with, and providing real estate services via the name "PRESERVATION RESOURCE CENTER REALTY," which name was registered as a tradename with the state of Louisiana on November 17, 2004, by defendant Andrew L. Gressett. That name is substantially similar to the plaintiff's mark "PRESERVATION RESOURCE CENTER" that has been in use as early as 1974 by PRC. The defendant has also been advertising its services via the email address "PRCNO@aol.com," which is substantially similar to plaintiff's internet domain name "PRCNO.ORG."

18.

The defendants have also used the name "PRC PROPERTY RIGHTS COMMISSION, INC.," which was registered as a non-profit corporation on October 6, 2003, whereby Andrew L. Gressett is named as the registered agent, the president, and the director. The use and registration of the name, "PRC PROPERTY RIGHTS COMMISSION, INC.," as a non-profit corporation is substantially similar to the plaintiff's mark "PRC" that has been in use as early as 1974 by PRC. In addition, the registration of "PRC PROPERTY RIGHTS COMMISSION, INC." as a non-profit corporation further confuses the public into associating "PRC PROPERTY RIGHTS COMMISSION, INC." with the plaintiff due to the fact that both "PRC PROPERTY RIGHTS COMMISSION, INC." and PRC are both registered as non-profit corporations.

19.

Defendants' misleading use of a name substantially similar to the mark "PRESERVATION RESOURCE CENTER" and misleading use of an email address substantially similar to PRC's

internet domain name "PRCNO.ORG" constitutes false advertising, false designation of origin, false representation and misappropriation in and affecting interstate commerce in violation of 15 U.S.C. §1125.

20.

By advertising, marketing with, and providing real estate services via the defendants' name, the defendants have been actively engaging in unfair trade practices and unfair competition against plaintiff to its past and continuing irreparable injury.

21.

PRC has gone to great effort and expense in developing a market for its services offered under the plaintiff's marks and internet domain name.

22.

By improperly offering services in association with the plaintiff's marks and internet domain name, the defendants have caused, and will continue to cause, considerable confusion amongst the purchasing public as to which services are the legitimate PRC services versus an unauthorized and illegitimate version of such services.

23.

In the manner set forth above, defendants wrongfully caused such misleading services to enter into commerce, representing and designating the defendants' services as having originated with or been endorsed, affiliated, or sponsored by PRC, and, with the knowledge of the falsity of such designation and representation, have caused damage to PRC.

24.

Defendants, by their actions as aforesaid, have taken advantage of the goodwill developed by PRC and have capitalized upon the market created by PRC.

25.

Defendants' acts were calculated and designed: (i) to trade upon the distinct popularity and goodwill of the "PRESERVATION RESOURCE CENTER" name, the "PRC" name and the "PRCNO.ORG" internet domain name, (ii) to confuse members of the public about the actual origin, endorsement and sponsorship of the services offered by defendants, and (iii) to use the goodwill associated with the plaintiff's marks and internet domain name to obtain an unfair commercial advantage.

26.

The aforesaid acts of defendants offering services under the substantially similar name, "PRESERVATION RESOURCE CENTER REALTY," "PRC PROPERTY RIGHTS COMMISSION, INC." and email address "PRCNO@aol.com," constitute unfair trade practices, unfair competition and inequitable conduct, in that defendants have thereby misappropriated plaintiff's goodwill and the benefits of plaintiff's effort and expenditures in the development and promotion of its marks, and have caused and will continue to cause irreparable injury to PRC by reducing PRC's market, with resultant loss of requested services and the possible further loss of services requested by confusing the public with services that are not of the quality of services offered by PRC.

27.

Notwithstanding the plaintiff's well-known and prior use of, and prior rights in the marks "PRESERVATION RESOURCE CENTER" and "PRC," defendants, without the consent of plaintiff, have adopted, used and continue to use the substantially similar marks and email address in connection with identifying the source of the defendants' services.

28.

Defendants' use of marks bearing a substantial similarity to the plaintiff's marks "PRESERVATION RESOURCE CENTER" and "PRC" and internet domain name "PRCNO.ORG" is misleading and likely to cause confusion and mistake and to deceive the public into believing falsely that the defendants' services are connected with and/or sponsored or authorized by plaintiff, when in fact the defendants have no connection whatsoever with plaintiff in regard to such services offered by the defendant.

29.

As a proximate result of the acts of the defendants as alleged herein, plaintiff has suffered and will continue to suffer great damages to its business, goodwill and reputation.

30.

Plaintiff has placed the defendants on notice that aforesaid actions by defendants constituted willful and deliberate violations of plaintiff's rights.

31.

Despite such notice, defendants have refused to discontinue their unauthorized and unlawful activity, and are continuing to advertise and offer services under the substantially similar mark and email address.

32.

On information and belief, defendants committed the above alleged acts knowingly, willfully and in wanton and malicious disregard of plaintiff's rights.

33.

Defendants have reaped and will reap undeserved profits from these activities.

34.

Defendants continue their unfair trade practices, unfair competition and misappropriation of plaintiff's property.

35.

Plaintiff asserts that unless the defendants are preliminarily and permanently enjoined from using marks that are similar to the plaintiff's mark by this Court, plaintiff will continue to suffer irreparable harm.

## COUNT II --

## LOUISIANA'S ANTIDILUTION LAW

36.

Plaintiff repeats and realleges the allegations in paragraphs 1 through 35, above.

37.

Plaintiff's claim in this count arises under Louisiana's Antidilution Statute, La. R.S. 51:223.1.

38.

This Court has jurisdiction over this count pursuant to 28 U.S.C. §1367.

39.

The aforesaid acts of defendants, damaging the plaintiff's marks and internet domain name and engaging in unfair trade practices and unfair competition against plaintiff such that plaintiff's business reputation has been injured and the distinct quality of the "PRESERVATION RESOURCE CENTER" name, the "PRC" name and the "PRCNO.ORG" internet domain name have been diluted, violate Louisiana's Antidilution Statute, La. R.S. 51:223.1, entitling plaintiff to injunctive relief thereunder.

## COUNT III -- STATE LAW BASED

## UNFAIR COMPETITION AND MISAPPROPRIATION

40.

Plaintiff repeats and realleges the allegations in paragraphs 1 through 39 above.

41.

PRC's claim in this count arises under the Louisiana Consumer Protection Act (La. R.S. 51:1401 et seq.) and other aspects of Louisiana law.

42.

This Court has jurisdiction over this count pursuant to 28 U.S.C. §1367.

43.

The aforesaid acts of defendants damaging and causing harm to plaintiff's marks and internet domain name, all as described above, violate the Louisiana Consumer Protection Act, La. R.S. 51:1401 et seq., entitling plaintiff to recovery thereunder and entitle PRC to receive statutory damages and attorney's fees.

## DEMAND MADE TO CEASE AND DESIST

44.

PRC has made several specific written demands that defendants cease their infringing activities noted hereinabove, all to no avail.

WHEREFORE, Preservation Alliance of New Orleans, Inc. d/b/a Preservation Resource Center prays that:

1. A preliminary injunction issue, according to law, to defendants, Andrew L. Gressett, Preservation Resource Center, Inc., PRC Property Rights Commission, Inc., and Property Rights Commission, L.L.C., prohibiting the use of any name, internet domain name or email address similar to PRC's internet domain name "PRCNO.ORG" and prohibiting the selling, displaying, using, or advertising of services under PRC's marks "PRESERVATION RESOURCE CENTER," "PRC" or any variation thereof and further requiring defendants, pursuant to the Lanham Act, to deliver up to be impounded during the pendency of this action, all copies

of printed materials, including, but not limited to, pamphlets, all advertisements, brochures, labels or other articles, or items in defendants' possession or under their control which dilute or damage the goodwill of plaintiff's marks and/or internet domain name.

2. Thereafter, permanent injunctions issue in the form and substance of the preliminary injunction prayed for above, pursuant to 15 U.S.C. §1125(c) and immediately and permanently restraining defendants, Andrew L. Gressett, Preservation Resource Center, Inc., PRC Property Rights Commission, Inc., and Property Rights Commission, L.L.C., and said parties' officers, agents, servants, employees, attorneys and those persons in the active concert or participation with them who received actual notice of the injunction, by personal service or otherwise, from the use of any name, internet domain name or email address similar to PRC's internet domain name "PRCNO.ORG" and from selling, displaying, using or advertising of services under PRC's marks "PRESERVATION RESOURCE CENTER" "PRC," or any variation thereof and further requiring defendants, pursuant to the Lanham Act, to deliver up to be destroyed all copies of printed materials, including, but not limited to, pamphlets, all advertisements, brochures, labels or other articles, or items in defendants' possession or under their control which dilute or damage the goodwill of plaintiff's marks and/or internet domain name.

3. After due proceedings herein there be an award to the plaintiff for the profits, gain, and advantages derived by defendants, as well as for plaintiff's losses, as a result of the acts as recited above in an amount to be shown at trial.

4. An award to the plaintiff for the profit, gains, and advantages derived by defendants, as well as for plaintiff's losses, as a result of the acts of unfair competition, unfair trade practices and misappropriations as cited above, in an amount to be shown at trial.

5. Defendants be ordered to pay to plaintiff all costs of this action and that reasonable attorney's fees be allowed to the plaintiff by the court; and,

6. Furthermore, plaintiff prays for all such other legal, equitable and general relief to which it may be entitled.

Respectfully submitted,

*[signature]*

Lloyd N. Shields (#12022)
Daniel Lund, III (#19014)
Andrew G. Vicknair (#28448)
Shields Mott Lund L.L.P.
650 Poydras Street, Suite 2400
New Orleans, Louisiana 70130
Telephone (504) 581-4445
Telecopy (504) 584-4440

Attorneys for Preservation Alliance of New Orleans, Inc. d/b/a Preservation Resource Center

W:\Clients\75675-01\Pleadings\COMPLAINT.wpd

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

05-1337

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Preservation Alliance of New Orleans, Inc.

**DEFENDANTS** Andrew L. Gressett; Preservation Resource Center, Inc.; PRC Property Rights Commission, Inc.; Property Rights Commission, L.L.C.

(b) County of Residence of First Listed Plaintiff **New Orleans**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **New Orleans**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) 504-581-4445
Shields, Mott, Lund
650 Poydras Street, Suite 2400   New Orleans, LA 70130

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Lanham Act 15 U.S.C. § 1125

Brief description of cause:
Lanham Act Claim

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 4-6-05

SIGNATURE OF ATTORNEY OF RECORD
Andrew G. Vicknair

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____